## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Viola Delores Garris,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:22-cv-04591-SCJ-** |
| | ) | **CMS** |
| | ) | |
| **Shellpoint Mortgage Services** | ) | |
| | ) | |
| **Defendant** | ) | |

## DEFENDANT NEWREZ, LLC D/B/A
## SHELLPOINT MORTGAGE SERVICING'S REPLY BRIEF

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"),[1] by and through its undersigned counsel and pursuant to Local Rule 7.1(C), files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint in its entirety. In further support of its Motion to Dismiss, Shellpoint states as follows:

### Introduction

Plaintiff, acting *pro se*, filed the instant "Complaint Bill in Equity" (hereinafter the "Complaint") (Doc. 1-1) relating to her mortgage loan. Defendant filed its Motion to Dismiss the Complaint on November 22, 2022 (Doc. 2). As mentioned in Defendant's Motion to Dismiss, the Complaint filed in this case

---

[1] Defendant was improperly named as just "Shellpoint Mortgage Services" in the Complaint. The proper name for the defendant is NewRez, LLC d/b/a Shellpoint Mortgage Servicing.

contains no enumerated causes of action and consists entirely of confusing, nonsensical legal theories and averments that have no bearing on Plaintiff's mortgage loan. Plaintiff filed a response in opposition to Shellpoint's Motion to Dismiss (Doc. 4) on December 29, 2022 – 37 days after the Motion to Dismiss was filed. Local Rule 7.1 (B) requires responses to be filed within 14 days of service, and therefore, as a preliminary issue, Plaintiff's Response to Shellpoint's Motion to Dismiss is untimely and should not be considered. Regardless, even if considered, the Response continues to fail to assert any plausible cause of action against Shellpoint and does not present any reason to prevent dismissal.

## Argument

### I.  Plaintiff's Response Continues to Fail to Assert Any Cause of Action

Shellpoint moved to dismiss Plaintiff's initial Complaint because it consisted solely of confusing, disconnected legal theories and averments that could not possibly state a claim. Plaintiff's Response continues down the same road of nonsensical averments that have no legal or factual basis whatsoever. Plaintiff's Response is an alleged "Affidavit of Facts," which, after describing that Plaintiff has a Social Security Number, asserts a litany of misnumbered, incoherent statements that are apparently related to Plaintiff's underlying mortgage loan. Plaintiff also asserts that any rebuttal to any of her numbered paragraphs must be mailed to her and her notary within 10 days, and (similar to her original complaint and "notice of

non-response") any refusal to adhere to Plaintiff's "administrative process" means that Shellpoint accepts and concedes all allegations.

By way of example, Plaintiff's bare-bones, unsupported averments list things such as "Lender waives all right to adjudicate the alleged agreement referenced herein," "Lender hereinafter discharges any alleged Mortgage/Deed of Trust or any alleged debt," and "Plaintiff/Affiant is The Original Lender." (Response, at ¶¶ 8, 13, 21). Plaintiff presents absolutely no arguments, supporting allegations, or actual causes of action throughout the Response, and therefore, Plaintiff's Response fails to save her Complaint from dismissal.

## II.  Plaintiff Relies on Exhibits That Have Been Universally Rejected

Plaintiff attaches several exhibits to her Response, many of which were included in her original complaint. However, it is worth mentioning that Plaintiff attaches as "Exhibit E" an unsigned affidavit of "Walker F. Todd." This affidavit has made its way around the internet and has been considered in this district with previous complaints that contain similar frivolous allegations. *See McGregor v. Wells Fargo Bank*, No. 2:10-CV-0136-RWS-SSC, 2011 WL 679435, at *3, fn. 3 (N. D. Ga., Jan. 26, 2011) (recognizing that this theory of "no lawful money" being loaned comes from the Todd Affidavit, and the court noted "[t]he Todd Affidavit manifests itself throughout internet web sites offering advice about problematic or unpaid loans."). Simply put, this same affidavit is notorious across the internet and

has been used to push bizarre legal theories in the past, which have been universally rejected.

Moreover, the purported affidavit of Walker F. Todd is not authentic. Mr. Todd has previously been faced with the affidavit and has confirmed that the affidavit is bogus, was pieced together by internet scammers, and was distributed on dozens of websites promoting these baseless legal strategies to get out of debt.[2] It appears that Plaintiff in this case has visited similar web sites and received the same, bogus affidavit in her pursuit to cancel a valid mortgage loan.

## Conclusion

For the reasons stated above, as well as those asserted in Shellpoint's Motion to Dismiss, Plaintiff's Complaint should be dismissed with prejudice in its entirety pursuant to Rule 12(b)(6).

Respectfully submitted this 5th day of January, 2023.

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com

---

[2] *United States v. Kahn*, Crim. No. 1:08-CR-00271-RCL (D.C.D.C. 2010, docket entry 285).

*Attorney for Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/ Keith S. Anderson

## CERTIFICATE OF SERVICE

I certify that I have on this 5th day of January, 2023, served a true copy of the foregoing Reply by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Viola D. Garris
7050 John Rivers Road
Fairburn, Georgia 30213

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246