IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Viola Delores Garris,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 1:22-cv-04591-SCJ-CMS |
| | ) |
| **Shellpoint Mortgage Services** | ) |
| | ) |
| **Defendant** | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO STAY DISCOVERY AND PRE-TRIAL DEADLINES**

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"),[1] by and through its undersigned counsel, hereby moves this Court for an Order staying discovery and pretrial deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia, pending a ruling on Defendant's Motion to Dismiss (Doc. 2). In support of this Motion to Stay, Defendant states as follows:

**Procedural History**

Plaintiff filed the instant Complaint in this matter in the Superior Court of Fulton County, Georgia. The Complaint was timely removed to this Court on

---

[1] Defendant was improperly named as just "Shellpoint Mortgage Services" in the Complaint. The proper name for the defendant is NewRez, LLC d/b/a Shellpoint Mortgage Servicing.

1

November 18, 2022. Defendant filed a timely Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 22, 2022, asserting that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 2).

## Argument and Citation to Authority

The Court has broad discretion to control discovery and other pre-trial deadlines. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (holding that courts have "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); Local Rule 26.2B ("The court may, in its discretion, shorten or lengthen the time for discovery."); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion in staying discovery because the court had "sufficient information before it upon which to rule").

As an initial matter, the discovery period does not commence until 30 days after the Defendant has filed an answer. *See* Local Rule 26.2(A). As Defendant here has filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant's answer to the Complaint would only be due if the Motion to Dismiss is denied and 14 days after any denial order. Fed. R. Civ. P. 12(a)(4)(A). Thus, discovery should be currently stayed and not opened until the aforementioned time period runs, but in an abundance of caution and for clarity, Defendant seeks to stay discovery as part of this Motion in addition to seeking to stay the pretrial deadlines,

including the parties' Rule 26(f) conference, initial disclosures, and the Preliminary Report and Discovery Plan.

Plaintiff's claims need to survive dismissal before any discovery can be sought or the pretrial discovery requirements conducted. Defendant's challenges to the claims present purely legal questions as the allegations in the complaint are presumed true. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (no abuse of discretion where district court stayed discovery pending judgment on the pleadings). Because the Court's ruling on the pending Motion to Dismiss could dispose of the entire lawsuit, Defendant contends that it should not have to comply with any of the pretrial discovery requirements. The time and resources that Defendant and Plaintiff would expend in drafting initial disclosures, drafting a joint preliminary planning report and discovery plan, responding to any discovery, and conducting a Rule 26(f) conference will have been spent unnecessarily if the Court grants the Motion to Dismiss.

As this Court and others in this District have done before, a stay of discovery is warranted when the defendant has a motion to dismiss pending that challenges the legal sufficiency of the complaint. *See, e.g., Lindsay v. USAA Fed. Sav. Bank*, Civil No. 1:18-cv-2922-TCB-LTW (Doc. 11) (granting motion to stay discovery with a pending motion to dismiss); *Patel v. Capital One Financial Corp., et al.*, Civil No.

1:18-cv-3430-LMM-JFK (Doc. 46) (granting motion to stay discovery with pending motion to dismiss).

If the Court denies the Motion to Dismiss, the parties will not be prejudiced by awaiting the Court's decision on the Motion to Dismiss, and judicial efficiency would dictate that the parties should not undergo such efforts when the same may prove to be moot after the decision of this Court.

Therefore, Defendant requests that the Court stay all discovery and pre-trial obligations in this matter until the Court rules on Defendant's pending Motion to Dismiss Plaintiff's Complaint. This temporary stay request would include staying all discovery and the deadlines for: (1) the Rule 26(f) Early Planning Conference, *see* LR 16.1; (2) the Joint Preliminary Report and Discovery Plan, *see* LR 16.2; and (3) Initial Disclosures, *see* LR 26.1.  Defendant proposes that the parties comply with those deadlines within 30 days of the Court's final ruling on the Motion to Dismiss.

## Conclusion

WHEREFORE, Defendant respectfully requests that the Court grant its Motion to Stay all Discovery and Pre-Trial Deadlines. A proposed order is enclosed for the Court's consideration.

Respectfully submitted this 23rd day of January, 2023.

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
*Attorney for Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/ Keith S. Anderson

## CERTIFICATE OF SERVICE

I certify that I have on this 23rd day of January, 2023, served a true copy of the foregoing by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Viola D. Garris
7050 John Rivers Road
Fairburn, Georgia 30213

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246