IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIOLA DELORES GARRIS,

       Plaintiff,

      v.

SHELLPOINT MORTGAGE
SERVICES,

       Defendant.

CIVIL ACTION FILE NO.

1:22-cv-04591-SCJ-CMS

## FINAL REPORT AND RECOMMENDATION

Plaintiff is proceeding in this case without counsel.  This case is before the Court on the motion to dismiss Plaintiff's complaint filed by Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant") by and through its counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  [Doc. 2].  For the reasons discussed below, I will RECOMMEND that Defendant's motion to dismiss be GRANTED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

To the extent Plaintiff's allegations can be ascertained, this case appears to arise out of a residential mortgage loan ("Loan") that Plaintiff obtained on or about February

---

[1]  In its motion to dismiss, Defendant states that it was improperly named in Plaintiff's complaint as "Shellpoint Mortgage Services," and that its proper name is "NewRez, LLC d/b/a Shellpoint Mortgage Servicing."  [Doc. 2 at 1 n.1].

17, 2006 from Bank of America, N.A. ("Lender" or "Bank of America") to purchase the real property located at 7050 John Rivers Road, Fairburn, Georgia, 30213 (the "Property"). The Loan was secured by a security deed executed in favor of the Lender. [Doc. 2-2 at 2, "Security Deed"].[2] The Security Deed was duly recorded on March 17, 2006 in the property records of the Superior Court of Fulton County, Georgia, in Deed Book 42164, Page 170. [*Id.*].

After a series of assignments, the Security Deed was assigned to MCLP Asset Company, Inc. on April 20, 2022. [Doc. 2-3 at 2–4, "Assignment"]. According to Defendant Shellpoint, Shellpoint began servicing the Loan on or about April 2, 2021, and Shellpoint is still servicing the mortgage Loan at the present time. [Doc. 2-1 at

---

[2] The Court has taken the parties' exhibits into consideration in reviewing the merits of Defendant's motion to dismiss, without converting the motion to a motion for summary judgment, because in Plaintiff's filings, Plaintiff refers to the transactions memorialized in the exhibits, the documents are central to Plaintiff's claims, and the authenticity of the documents has not been challenged. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

AO 72A
(Rev.8/82)

2–3].  The Assignment was recorded in the property records of the Superior Court of Fulton County, Georgia, in Deed Book 65613, Page 233.  [*Id*. at 2].

After falling behind on her Loan payments [Doc. 1-1 at 14], Plaintiff, proceeding *pro se*, filed the instant complaint in the Superior Court of Fulton County, Georgia. [Doc. 1-1, Compl.].  Plaintiff's Complaint contains no enumerated causes of action or counts for relief, and it is difficult, if not impossible, to discern what Plaintiff is attempting to allege or claim.  The Complaint does not identify what facts and/or acts by the Defendant support any particular claim, and the Complaint fails to adhere to even the most basic pleading standards.

From the attachments Plaintiff filed with her Complaint, it appears that Plaintiff may be attempting to allege that Shellpoint did not respond to or accept her letters demanding that her mortgage loan account be "settled" and/or the full amount outstanding credited to Plaintiff's account within 10 days, and as a result, Shellpoint has somehow lost or forfeited its ability to enforce the Security Deed on the subject Property and instead has accepted Plaintiff's claim that she is no longer obligated to pay the Loan on the Property.  [*See, e.g.*, Doc. 1-1 at 7, "Certificate of Non-Response"]. Plaintiff further appears to be claiming that for some unknown reason, Shellpoint's alleged lack of a response to her incomprehensible letters means that Shellpoint owes

3

her various monetary amounts, including $50,000 for "expenses of handling Shellpoint Mortgage Service & Goldman Sachs Mortgage Corp. presentments" [*id.*], $5,000 for Shellpoint's alleged unlawful collection efforts [Doc. 1-1 at 13, 16, "Notice of Acceptance"], and $113,000 [Doc. 1-1, Compl., at 3, ¶ 16]. Plaintiff has cited to no federal or Georgia law that would authorize or support any of her "claims."

Shellpoint removed Plaintiff's Complaint and attachments to this Court on November 18, 2022, and filed the instant Rule 12(b)(6) motion to dismiss on November 22, 2022 [Doc. 2].

Plaintiff filed an untimely response to Shellpoint's motion to dismiss on December 29, 2022—37 days after the motion to dismiss was filed, contrary to Local Rule 7.1(B) which requires responses to be filed within 14 days of service. LR 7.1(B), NDGa. [Doc. 4, Pl.'s Resp.]. Shellpoint argues that the Court should disregard Plaintiff's response in opposition because it was untimely filed under the Local Rules. Plaintiff titles her response a "Counterclaim of Financial Fraud in Response to Defendant's Motion to Dismiss." But Plaintiff's response is as unintelligible as her Complaint, and is replete with nonsequiturs, misstatements of the law, and nonsensical allegations similar, if not identical, to her Complaint and to other complaints and responses previously filed by borrowers against their lenders in this Court (and in a

4

number of other federal district courts across the country) in an effort to forestall the foreclosure process, using terms often utilized by persons espousing views held by sovereign citizens.[3]

Even if Plaintiff had filed her response on a timely basis, the law is clear that the arguments or "facts" presented therein cannot save Plaintiff's Complaint from dismissal because she cannot amend the factual allegations set forth in her Complaint through a response in opposition. *See Gassaway v. Piedmont Hospital*, No. 1:07-cv-01350-CAP-LTW, 2007 WL 9706840, at *2 (N.D. Ga. Nov. 1, 2007).

---

[3] For example, Plaintiff claims in her response brief that she is "the owner of the transmitting utility named and created by Washington, D.C. on the 12th day of June in the year of our lord 1940" [Doc. 4 at 1, ¶ 1]; she is "the owner of the transmitting utility created by the IRS for herself named VIOLA DELORES GARRIS ESTATE ESTATE (xx-xxx4271) [*id.* ¶ 3]; "Lender immediately grants to Plaintiff/Affiant the unconditional right of rescission regarding alleged account #6537218072 and any security interest attached thereto" [*id.* at 2 ¶ 8]; "Plaintiff/Affiant is The Original Lender" [*id.* at 3 ¶ 8]; "Lender agrees that Lender is hereby removed and disqualified as trustee(s) pursuant to[:] A. Conflict of Interest, B. Concealment, C. Breach of fiduciary responsibility(ies), D. Fraud" [*id.* at 4 ¶ 26]; "VIOLA DELORES GARRIS BEY © is the perfected proprietary security for the living soul Viola Delores of the House of Garris Bey, under original common law for one hundred (100) years and is private property for the protection of My Estate, life, liberty, and property" [Doc. 6 at 9]; "Plaintiff is not a citizen subject to United States jurisdiction, as such term is defined in 3 Am Jur 1420, Aliens and Citizens, rather, I am a indigenous Heir, with all rights, Authority, and pre-eminence of a Sovereign" [*id.* at 3].

For the reasons stated below, I recommend that Shellpoint's motion to dismiss be granted in its entirety.

## II.  <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In considering the motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in his or her favor.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citations and internal marks omitted).

Furthermore, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Broner v. Wash. Mut. Bank, FA*, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)). "Factual allegations

AO 72A
(Rev.8/82)

must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," *id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Finally, although pro se pleadings are governed by less stringent standards than pleadings prepared by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, *Grew v. Hopper*, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings").

### III.  <u>DISCUSSION</u>

**A.      Dismissal is Warranted for Failure to State a Plausible Claim**

Shellpoint argues that Plaintiff's Complaint contains nothing more than bare allegations that "are wholly devoid of sufficient facts to support a plausible claim for relief under the applicable *Twombly* and *Iqbal* standard." [Doc. 2-1 at 5].  The Court agrees.  Among other deficiencies, Plaintiff's Complaint does not contain any claims for relief, much less discrete counts asserting specific claims for relief.  [Doc. 1-1, "Complaint Bill in Equity"].  The allegations that Plaintiff does assert in the section titled, "Facts," are largely nonsensical; Plaintiff utilizes legal terms out of context, and seeks judicial relief with no explanation for how or why she is legally entitled to such relief.  It is not clear from Plaintiff's Complaint what she is actually alleging, what claims she is attempting to assert, or what conduct she is alleging Defendant engaged in that would warrant this Court finding that Defendant is liable for violating any particular law or statute.[4]

---

[4]  For example, Plaintiff's Complaint alleges, among other things, that she has "exhausted [an unidentified] administrative remedy"; she has established "judgment in estoppel"; her administrative remedy is "res Judicata"; Defendant's alleged failure to respond is "stare decisis"; there are no facts in controversy; she is entitled to relief; "Plaintiff is estopped for failure to respond to original administrative process"; Plaintiff "requests summary judgment on her administrative remedy"; and Plaintiff "requests the court to order the defendant to pay the sum certain of $113,000 (USD

To the extent Plaintiff's Complaint alleges that she is no longer obligated to make Loan payments on the Property that is the subject of the lawsuit, Plaintiff's attempt to unilaterally "revoke" the power of sale has no basis in Georgia law. "Georgia's procedure for cancelling security interests is laid out in O.C.G.A. § 44-14-3, which requires a creditor to direct the clerk of court to cancel the security interest within 60 days of the debt being paid in full and to send the debtor the cancellation document." *Liggion v. Branch Banking and Trust*, No. 1:11-cv-01133-WSD, 2011 WL 3759832, at *4 (N.D. Ga. Aug. 24, 2011). Plaintiff apparently contends that her unilateral Notices of Acceptance, UCC Financing Statement Addendum, and Notices of Non-Response cancelled any and all security interests in the Property, even though the Loan had not been paid in full. Plaintiff's allegations and attachments to her Complaint, however, are without legal basis and are contrary to Georgia law. *See id.* (citing *Taylor, Bean & Whitaker Mortgage v. Brown*, 276 Ga. 848, 850, 583 S.E.2d 844, 846 (2003) ("[T]his Court has held that a plaintiff may not use equity to obtain the cancellation of a security

---

One Hundred and thirteen thousand U.S. dollars) over to the Plaintiff." [Doc. 1-1 at 2–3]. As discussed above, there are no counts for relief asserted in Plaintiff's Complaint; nor does Plaintiff cite any federal or state laws or statutes that Plaintiff claims Defendant has violated that would create or state a plausible cause of action against Defendant.

deed or promissory note if the plaintiff has not paid the note or tendered payment of the note.")).

For the reasons stated, Plaintiff's Complaint is due to be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and failure to state a plausible claim for relief under Rule 12(b)(6).

**B.    Whether Allowing Another Amendment Would be Futile**

I am cognizant of this Circuit's general practice of permitting pro se plaintiffs to amend their complaints at least once to ensure that they have had a fair chance to present their grievance to the court. *See, e.g., Omanwa v. Catoosa County, Ga.*, 711 F. App'x 959, 962 (11th Cir. 2017) (stating that the court has generally held that a pro se plaintiff must "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice"; but stating that the court need not provide that opportunity if a more carefully drafted complaint could not state a claim and would therefore be futile).

In this case, after Plaintiff's Complaint was removed to this Court and Defendant filed its motion to dismiss, Plaintiff filed an untimely response, but never requested an opportunity to amend.  Even if she had, I do not believe that filing an amended complaint would allow Plaintiff to state a plausible claim against the Defendant.

10

Plaintiff has had an unrestricted opportunity to present her allegations, arguments, and evidence, and to explain her various theories.  She, however, has failed to do so.

Given the circumstances of this case, I do not believe that there is any amendment that Plaintiff could make to her pleadings that might permit her to state a plausible claim for relief against the Defendant at this juncture.  Accordingly, I conclude that allowing Plaintiff the opportunity to amend her complaint would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (stating that a district court need not allow an amendment where amendment would be futile); *Watkins v. Beneficial, HSBC Mortg.*, No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010), *adopted by* 2010 WL 4312878 (N.D. Ga. Oct. 21, 2010) (dismissing pro se complaint with prejudice where amendment would be futile).  For these reasons, I recommend that Plaintiff's Complaint be dismissed with prejudice for failure to state a plausible claim for relief.

## IV.   CONCLUSION

For the reasons discussed above, I **RECOMMEND** that Defendant's motion to dismiss [Doc. 2] be granted in its entirety.

11

**IT IS SO RECOMMENDED**, this 28th day of March, 2023.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)