IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Viola Delores Garris,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 1:22-cv-04591-SCJ-CMS |
| | ) |
| **Shellpoint Mortgage Services** | ) |
| | ) |
| **Defendant** | ) |

### DEFENDANT NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S RESPONSE TO PLAINTIFF'S OBJECTION

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant")[1] by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 72(b) and Local Rule 72.1(B), respectfully submits this Response to Plaintiff's "Bill of Complaint in Equity Presentment in Response to Final Report and Recommendation Filed by Magistrate Judge Catherine M. Salinas" (the "Objection").[2] By way of response to Plaintiff's Objection, and in support of the

---

[1] Defendant was improperly named as just "Shellpoint Mortgage Services" in the Complaint. The proper name for the Defendant is NewRez, LLC d/b/a Shellpoint Mortgage Servicing.

[2] It appears that Plaintiff filed two identical copies of her Objection, which are docketed as Docs. 11 and 12 in this matter. For the sake of simplicity, Defendant will only file this one Response to the Objection.

1

Magistrate Judge's Final Report and Recommendation (Doc. 9), Defendant states as follows:

### **Background**

Plaintiff, acting *pro se*, initiated the current action by filing a Complaint related to her mortgage loan, which is serviced by Shellpoint. After removing the Complaint to this Court, Shellpoint filed a Motion to Dismiss the Complaint, based primarily on the fact that the Complaint does not contain any decipherable causes of action, and instead is comprised of nonsensical factual allegations and random, unsupported legal theories. Plaintiff later filed an untimely Response to the Motion to Dismiss that was just as incoherent as the Complaint itself. (Doc. 4.)

On March 28, 2023, the Magistrate Judge entered her Final Report and Recommendation, in which she agreed with Shellpoint that the present action should be dismissed. As noted by the Magistrate Judge in the Final Report and Recommendation, Plaintiff's Complaint appears to allege that Shellpoint did not respond to certain letters demanding that the mortgage loan be "settled," and as a result, Plaintiff asserts that Shellpoint somehow (1) has lost or forfeited its ability to enforce the Security Deed and (2) that the lack of response to her incomprehensible letters means that Shellpoint owes her various amounts of money. (Doc. 9, pp. 3-4.) The Magistrate Judge correctly concluded that Plaintiff's Complaint and untimely Response were both unintelligible and "replete with nonsequiturs, misstatements of

the law, and nonsensical allegations" similar to complaints and responses filed around the country "in an effort to forestall the foreclosure process, using terms often utilized by persons espousing views held by sovereign citizens." (*Id*., pp. 4-5.)

On April 10, 2023, Plaintiff filed her first Objection to the Magistrate Judge's Final Report and Recommendation. (Doc. 11.) Three days later, on April 13, 2023, Plaintiff filed an additional copy of her Objection. (Doc. 12.)

## Argument

Plaintiff's Objection, much like her Complaint and Response, is basically incomprehensible and does not provide any coherent argument that her Complaint should not be dismissed. The Objection contains disconnected and seemingly random legal theories that have no relevance to the case or the Magistrate Judge's Report and Recommendation. For example, Plaintiff's Objection begins by emphasizing that "the court converted the complaint to a draft (a form of currency conversion)," which, according to Plaintiff, is an "order to pay." (Doc. 11, p. 1). Plaintiff's Objection then shifts gears several times, describing how she is somehow a minor even though she has attained the age of majority, how trusts are created, special relationships, and finally, Georgia's "Law of Undue Influence in Gift-Making."

Despite Defendant's best efforts to make any sense of the Objection, it is entirely unclear what Plaintiff is attempting to argue or how anything contained in

the Objection relates to this case. Simply put, the Objection continues the same incoherent ramblings that Plaintiff provided in her Complaint and Response and provides no reasons or arguments that could possibly support a finding that this case should not be dismissed.

## Conclusion

For the reasons set forth above, the Court should adopt the Final Report and Recommendation of the Magistrate Judge and dismiss this action with prejudice, as Plaintiff has not and cannot form any coherent arguments to support any claims against Defendant.

Respectfully submitted this 17th day of April, 2023.

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
*Attorney for Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/ Keith S. Anderson

## CERTIFICATE OF SERVICE

 I certify that I have on this 17th day of April, 2023, served a true copy of the foregoing Response by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Viola D. Garris<br>
7050 John Rivers Road<br>
Fairburn, Georgia 30213

        /s/Keith S. Anderson
        Keith S. Anderson
        Georgia Bar No. 136246