IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIOLA DELORES GARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICES,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-04591-SCJ |

## ORDER

This matter appears before the Court on the March 28, 2023 Final Report and Recommendation ("R&R") issued by the Honorable Catherine M. Salinas, United States Magistrate Judge. Doc. No. [9]. In the R&R, Judge Salinas recommended that Defendant's Motion to Dismiss (Doc. No. [2]) be granted. Id.

The facts, procedural history, and legal standard are found in the R&R and are incorporated by reference. Doc. No. [9]. The Court sets forth a brief summary of the facts and procedural history (derived from the R&R) as follows.

After falling behind on her Loan payments (Doc. No. [1-1] at 14), Plaintiff, proceeding *pro se*, filed the instant complaint in the Superior Court of Fulton County, Georgia. Doc. No. [1-1]. Plaintiff's Complaint is deficient because it contains no enumerated causes of action or counts for relief, and it is difficult, if not impossible, to discern what Plaintiff is attempting to allege or claim. The Complaint is also deficient because it does not identify what facts and/or acts by the Defendant support any particular claim, and the Complaint fails to adhere to even the most basic pleading standards. Doc. No. [9], 3.

On April 10, 2023 and April 13, 2023, Plaintiff filed objections to the R&R. Doc. Nos. [11]; [12].[1] Defendant filed a response on April 17, 2023. Doc. No. [13]. In its response, Defendant asserts that the objections are incoherent. Doc. No. [13].

When objections are filed in the context of a dispositive motion, the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is

---

[1] It is not clear why two sets of what appears to be identical objections were filed. Nevertheless, the Court has reviewed both documents. For future reference, Plaintiff shall file only one document containing her objections to an R&R.

made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

"It is critical that the objection be sufficiently specific and not a general objection to the report." Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

A review of Plaintiff Garris's objections shows that they are incoherent, non-specific, general, and conclusive. Accordingly, they need not be considered by the Court. The Court concludes that the R&R "is correct in law and fact" — and is accepted by this Court (with the exception that the Court will permit Plaintiff to amend the complaint). Griffin v. GMAC, No. 1:05-CV-0199, 2008 WL 11334068, at *1 (N.D. Ga. Mar. 5, 2008). Plaintiff's objections (Doc. Nos. [11]; [12]) are **OVERRULED**.

## CONCLUSION

After *de novo* review, the merits of the R&R (Doc. No. [9]) are **ADOPTED** as the Order of the Court (with the exception of the non-amendment language).

In the interest of caution, the Court **DECLINES** to adopt the portion of the R&R that does not recommend permitting Plaintiff leave to amend. Plaintiff's objections to the R&R (Doc. Nos. [11], [12]) are **OVERRULED.**

Defendant's Motion for Dismiss (Doc. No. [2]) is **GRANTED.** However, the Clerk is **DIRECTED** to withhold entry of the judgment. In the interest of caution and in light of Plaintiff's *pro se* status and the fact that the original complaint is a state court pleading, the Court will grant Plaintiff an opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Woldeab v. DeKalb Cty. Bd. of Educ., 885 F.3d 1289, 1291-92 (11th Cir. 2018). The Court **ORDERS** that if Plaintiff wishes to file an amended complaint, she shall file an amended complaint that corrects the above-named deficiencies on or before **MAY 22, 2023** in accordance with the following instructions:

> The amended complaint shall be replead in an effort to make all claims as clear as possible and to eliminate the deficiencies noted in this Order & the R&R (Doc. No. [9]). The amended complaint shall provide the relevant facts that Plaintiff believes entitle her to relief. Plaintiff shall provide facts sufficient to show that each claim is plausible and as well as facts that allow the Defendant to ascertain what Plaintiff is claiming so that Defendant can prepare a response. See Ashcroft v. Iqbal, 566 U.S. 662, 678-79 (2009).

Plaintiff's amended complaint shall comply with the pleading requirements in Rules 8–11 of the Federal Rules of Civil Procedure.

Plaintiff's amended complaint shall: (1) include a factual background (presented in a logical order) setting forth specific, non-conclusory factual allegations that directly pertain to this case and suggest support for the required elements of each of her claims/causes of action; (2) list each cause of action/claim in separate counts and underneath each count, in separately numbered paragraphs, provide the relevant facts, including dates, that she believes entitle her to relief; (3) identify the specific defendant who took actions that Plaintiff believes are unlawful and entitle her to relief; (4) identify the specific factual allegations and acts by each defendant that support each cause of action/claim against each defendant within each count in the amended complaint; (5) if the actions of non-defendants are involved in the claim/cause of action, identify those individuals and their relation to the named-defendant and set forth facts concerning the individual's acts; and (6) state the requested relief that she seeks as well as an explanation of why she is entitled to such relief.

Each count of the amended complaint shall not reaffirm and reallege all factual allegations from the preceding counts or earlier complaints, but instead, may cross-reference only the relevant paragraphs from the factual background section. However, the counts of the amended complaint shall not incorporate by reference all foregoing paragraphs.

Plaintiff shall attach to her amended complaint any documents forming the basis for this lawsuit, and any other documents that she believes are relevant to her claims. The documents shall be organized and clearly labeled as exhibits to the amended complaint and each exhibit referenced in the amended complaint shall be identified therein by its exhibit number. Plaintiff should <u>not</u> incorporate by reference any documents already filed on the docket.

Plaintiff shall re-file relevant complaint exhibits so that the complaint and exhibits are together in one docket entry on CM/ECF.

Plaintiff is cautioned that the Court will view the amended complaint as superseding and entirely replacing the original complaint. Plaintiff therefore must assert in the amendment any claims contained in the original complaint that she wishes to proceed upon; the Court will not read the amended complaint in tandem with the previous complaints.

Plaintiff is also cautioned that she may only represent herself in federal court. Plaintiff may not represent the interests of others in a *pro se* capacity in federal court. Plaintiff should not include "minor," "infant," "estate," or "trust" capacity/representation language in the amended complaint or any future filings.[2]

Plaintiff's Amended Complaint shall be filed on or before **MAY 22, 2023**.

Plaintiff is hereby **WARNED** that failure to comply with this Order may result in sanctions, including dismissal of the case (and entry of judgment) pursuant to Local Rule 16.5, NDGa.

---

[2] See Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others . . . . [Pro se plaintiff] as a non-lawyer, was not permitted to proceed pro se on behalf of estate."); Hand v. Bibeault, 400 F. App'x 526, 528 (11th Cir. 2010) ("A non-attorney who is authorized to bring suit on behalf of a party may not appear pro se [in federal court] as that party's 'legal counsel,' even where statutes or regulations permit the person to serve as the party's representative in corresponding administrative proceedings.").

The Clerk is **DIRECTED** to withhold entry of the judgment to permit time to amend. In the interim, pursuant to the Court's inherent authority to control the disposition of matters on its docket, the Clerk is **DIRECTED** to administratively terminate this case from the Court's pending case list. The case shall be immediately reopened upon the filing of the Amended Complaint.

IT IS SO ORDERED this __28th__ day of April, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE